# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARY NOVOTNY PENA,

       *Plaintiff,*

    **v.**

DAVID D. YOST, *et al.*,

       *Defendants.*

Civil Action No. 22-cv-1037 (UNA)

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on review of Plaintiff's *pro se* Complaint, application to proceed *in forma pauperis*, and Motion to use a Post Office Box as her mailing address. *See* ECF No. 1 (Complaint); ECF No. 2 (Application to Proceed *in Forma Pauperis*); ECF No. 4 (Motion for Permission to Use Post Office Box). For the following reasons, the Court will grant the Application and Motion, and will dismiss the Complaint without prejudice.

The Court previously reviewed the Complaint and instructed Plaintiff to provide her full residence address; under Local Civil Rule 5.1(c), the first filing on or behalf of a party must have in the caption the name and the full residence address of the party. *See* LCvR 5.1(c) (warning that failure to provide address information within 30 days of filing may result in dismissal of the case); Order of May 17, 2022, at 1. Pursuant to the Order of May 17, 2022, Plaintiff moved to use a post office box as her mailing address, explaining that she has experienced attacks by violent stalkers and has a transient living arrangement. *See* Pl. Mot. (explaining that she is "couch surfing" and staying at a homeless shelter). The Court is satisfied with Plaintiff's explanation and will grant her Motion for leave to use a P.O. Box as her address.

The Court next reviews the substance of the Complaint.  A *pro se* litigant's pleading is held to less stringent standards than would be applied to a formal pleading drafted by lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense, and to determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff purports to bring a breach of contract action against Ohio's Governor and Attorney General, a Judge and the Clerk of the Erie County, Ohio Court of Common Pleas, and two attorneys.  Aside from the Complaint's failure to establish a basis for this Court's jurisdiction, the Complaint and its attachments fail to identify a contract, describe the contract's terms, or explain what duty, if any, Defendants owe Plaintiff.  Notwithstanding the length of the Complaint and its exhibits, there are very few facts alleged, and no named Defendant reasonably could be expected to divine a viable legal claim or prepare a proper response.

2

As drafted, Plaintiff's Complaint fails to meet the minimal pleading standard set forth in Rule 8(a).  Therefore, the Court will dismiss the complaint without prejudice.  A separate Order shall issue this day.

FLORENCE Y. PAN
United States District Judge

Date:   August 2, 2022